# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **SUNSHINE VAN BAEL** | * | **CASE NO.:** |
| | * | |
| **VERSUS** | * | |
| | * | **DISTRICT JUDGE:** |
| **UNITED HEALTHCARE SERVICES, INC.** | * | |
| | * | |
| | * | **MAGISTRATE:** |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * ***

## COMPLAINT

The Complaint of Dr. Sunshine Van Bael, a person of the full age of majority and a resident of the Eastern District of Louisiana, respectfully represents:

1.

This is a claim for healthcare benefits.

2.

This Court has jurisdiction and venue under ERISA, 29 U.S.C. 1001, *et seq*.

3.

Named Defendant is United Healthcare Services, Inc. (hereinafter referred to as "UH"), a foreign insurer, headquartered in Minnetonka, Minnesota, that is also licensed in the State of Louisiana as a third party administrator and utilization review organization.  UH is the insurer and Plan Administrator of Tulane University's Choice Plus HRA Plan.  Dr. Sunshine Van Bael was at all relevant times a beneficiary of the Plan.

4.

Dr. Sunshine Van Bael (hereinafter referred to as "Dr. Van Bael") has been an assistant professor of ecology and environmental biology at Tulane University, School of Science and Engineering, since 2012.  As an assistant professor, Dr. Van Bael is a teacher, a researcher and a published author.

5.

Dr. Van Bael is also a single mother of two young children.

6.

As a Tulane professor, Dr. Van Bael has healthcare coverage under the Tulane University Choice Plus HRA Plan (hereinafter referred to as the "Plan"), Group Number 752397.  The Plan provides medical and prescription coverage.

7.

In October of 2015, Dr. Van Bael was injured when she fell running.  She underwent a right L5-S1 microdiskectomy in May of 2016.  Since December of 2015, Dr. Van Bael has also suffered from debilitating, right-sided facial, head, neck, and arm pain, associated with other symptoms including, but not limited to, dizziness, nausea, vomiting, chest pain, difficulty breathing, and muscle spasms.

8.

In December of 2015, Dr. Van Bael presented to Dr. Fawad Khan for a neurology consult.  Dr. Khan treated Dr. Van Bael with medication and referred her to pain management for a possible occipital nerve injection.  At her March 15, 2016 follow up, Dr. Khan confirmed atypical facial pain, muscle spasms of neck, trigeminal neuralgia of right side of face secondary

to activation of the occipital nerve, and R head/neck musculature.  Dr. Khan prescribed Gralise.
At this time, UH covered Dr. Van Bael's prescription.

9.

On November 7, 2016, Dr. Khan documented that UH was now refusing to pay for her
Gralise medication treatment despite clinical improvement. Dr. Khan feared that Dr. Van Bael
would experience refractory, disabling pain because of the immediate decrease of Gralise – she
saved a few to take at night because pain kept her awake.  Dr. Khan's fear was realized, as
evidenced by his notation that Dr. Van Bael's transition from Gralise to Gabapentin "was very
difficult."

10.

As an alternative to Gralise, Dr. Khan prescribed Horizant.  UH refused to pay for
Horizant.  Dr. Van Bael was forced to take Gabapentin which previously provided little to no
relief of her occipital neuralgia.  To obtain any relief whatsoever, Dr. Van Bael had to take
600mg at 6:00 a.m., 300mg at 9 a.m., 300 mg at noon, 300mg at 3:00 p.m., 300mg at 6:00 p.m.,
and 600mg of Gralise while it lasted at 9:00 p.m.  Dr. Van Bael had obtained Gralise with a
manufacturer's coupon and had enough to last through April if taken at a low, but less effective,
dose.  Taking such high doses of Gabapentin forced Dr. Van Bael to miss a lot of work.  On the
days that she does not miss work, she naps in her office twice per day.

11.

On March 15, 2017, Dr. Khan referred Dr. Van Bael to Dr. Jose Posas for consideration
of cryoneurolysis of the occipital nerves.  Dr. Posas is an expert in diagnosing and treating

occipital neuralgia. Dr. Posas confirmed Dr. Van Bael's diagnosis of occipital neuralgia and trigeminal neuralgia secondary to activation of the occipital nerve.

8.

While occipital neuralgia is classified as a headache disorder, it differs from the common headache because it is specifically related to the occipital nerves. Occipital neuralgia may feel like a migraine or tension headache because the pain is typically felt in the back of the head and the base of the skull; however, the treatment of occipital neuralgia differs from other headache disorders. Symptoms of occipital neuralgia include, but are not limited to, continuous aching, burning and throbbing, pain behind the eyes, neck pain, shoulder pain, dizziness, and visual disturbances.

9.

Dr. Posas ordered an ultrasound guided right greater occipital nerve and lesser occipital nerve blocks, which was conducted on August 21, 2017.

10.

UH denied coverage of the nerve blocks, claiming the procedure is unproven. Occipital nerve blocks are commonly and routinely used as the primary diagnostic means and for the treatment of occipital neuralgia.

11.

Following the success of the occipital nerve blocks, Dr. Posas requested pre-authorization for cryoneuralysis treatment of Dr. Van Bael's right occipital nerves. On October 3, 2017, UH denied the request for pre-authorization based on the information submitted, her health plan and

UH's Occipital Neuralgia and Headache Treatment UnitedHealthcare Medical Policy version 2017T0080W effective 08/01/2017.

12.

On multiple occasions between October 20, 2017 and February 27, 2018, Dr. Van Bael requested any and all documents and/or things related in any way to UH's denial of her Gralise prescription, occipital nerve blocks and Iovera cryoneuralysis, including, but not limited to, a certified copy of any and all documents, records, health benefit plan provisions, internal rules, guidelines and protocols, and a copy of the Occipital Neuralgia and Headache Treatment UnitedHealthcare Medical Policy version 2017T0080W effective 08/01/2017.   UH failed to produce documents responsive to the requests.   UH produced only 70 pages consisting of plan summary documents, explanation of benefit forms and copies of correspondence.

13.

Dr. Van Bael appealed UH's Gralise prescription, occipital nerve blocks and Iovera cryoneuralysis denials on March 2, 2018.   UH failed to respond to the appeal until April 25, 2018.

14.

UH only addressed Dr. Van Bael's appeal for the occipital nerve blocks.   The denial was upheld.   UH failed to make a determination on its denial of the Gralise prescription and the Iovera cryoneuralysis.   Despite advising UH of that failure, those two appealed claims remain unanswered.   As it way beyond the time delays for UH to render a decision, Dr. Van Bael has effectively exhausted her administrative remedies under ERISA.

15.

UH failed to maintain a reasonable claims procedure as required under ERISA.

16.

UH failed to comply with ERISA requirements as to providing Dr. Van Bael a full and fair claim review.

17.

UH failed to provide any medical evidence in support of its denial of Dr. Van Bael's claims.

18.

UH arbitrarily and capriciously denied Dr. Van Bael's claims.

19.

UH failed to produce responsive claim file and/or policy, procedure and/or guideline materials in violation of 29 U.S.C. 1132(c); ERISA 502(c).

20.

Dr. Van Bael has exhausted her administrative remedies and now timely files this suit to reverse UH's denial of benefits.

21.

UH abused its discretion as Plan Administrator by denying Dr. Van Bael's claims, failing to render a timely decision and failing to produce requested documents, all of which were done in bad faith.

22.

UH has a conflict of interest because it is the Insurer and the Plan Administrator.

6

23.

UH abused its discretion by failing to consider the disabling, combined effect of all of Dr. Van Bael's medical conditions, symptoms and side effects.

24.

UH failed to give the policy and plan a uniform construction and interpretation.

25.

Dr. Van Bael has suffered, and continues to suffer, substantial pain and suffering because of UH's bad faith regarding Dr. Van Bael's claims and appeal.

26.

Dr. Van Bael was also forced to incur attorney's fees, court fees and other related costs due to UH's bad faith in arbitrarily and capriciously denying and failing to review Dr. Van Bael's claims and appeal for occipital nerve blocks, Iovera cryoneuralysis and Gralise prescription.  Under ERISA, Dr. Van Bael is entitled to recover the fees and costs associated with this litigation, as well as any penalties available to her.

**WHEREFORE**, Plaintiff, Dr. Sunshine Van Bael, prays that, after due proceedings be had, there be judgment in her favor and against Defendant, UnitedHealthcare, in an amount sufficient to compensate her for payment of benefits, economic loss, penalties, attorney's fees, expert fees, costs, expenses, and any and all other damages sustained as set forth above, and for all other relief to which she may be entitled under law or equity.  Plaintiff, Dr. Van Bael, further prays for interest from the date the payments were due or, alternatively, the date of judicial demand.

Respectfully submitted,


/s/  Jennifer S. Martinez
JENNIFER N. WILLIS (#14877)
jenniferw@willisbuckley.com
JENNIFER S. MARTINEZ (#29624)
jenniferm@willisbuckley.com
WILLIS & BUCKLEY, APC
3723 Canal Street
New Orleans, Louisiana 70119
Telephone: (504) 488-6301
Facsimile: (504) 488-6302
*Attorneys for Plaintiff, Dr. Sunshine Van Bael*


**PLEASE SERVE:**

**UNITED HEALTHCARE SERVICES, INC.**
Through its registered agent for service:
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809