UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SUNSHINE VAN BAEL | CIVIL ACTION |
| VERSUS | No. 18-6873 |
| UNITED HEALTHCARE SERVICES, INC. | SECTION I |

## ORDER & REASONS

Before the Court is plaintiff Sunshine Van Bael's ("Van Bael") motion[1] to continue the trial date and extend deadlines and her motion[2] to extend discovery deadlines in the above-captioned matter. Defendant United Healthcare Services, Inc. ("United Healthcare") opposes the motions. For the following reasons, the motions are denied.

### I.

This case arises out of the denial of healthcare benefits under the Employee Retirement Income Security Act of 1974 ("ERISA"). Van Bael filed her original complaint on July 20, 2018, and United Healthcare submitted its answer on September 10, 2018.[3] A scheduling conference was held on October 2, 2018, at which time the parties selected a January 28, 2019 trial date.[4] Van Bael admits that she requested the earliest available trial date because she is leaving the country in

---

[1] R. Doc. No. 42.
[2] R. Doc. No. 46.
[3] R. Doc. Nos. 1, 4.
[4] *See* R. Doc. No. 9, at 4.

February 2019.[5] The scheduling order, which was issued after the scheduling conference, noted that discovery must be completed by November 19, 2018.[6]

On October 15, 2018, the Court held a status conference.[7] During the conference, Van Bael's counsel did not raise any issues regarding the scheduling order. The parties were ordered to file cross-motions for summary judgment by November 19, 2018.[8] Also on October 15, 2018, Van Bael filed a motion for leave to file a supplemental and amended complaint.[9] The supplemental and amended complaint added "Tulane University – Medical Plan" as a defendant, "[f]or completeness and clarity of the record."[10]

On November 1, 2018, Van Bael filed a motion for leave to file a second supplemental and amended complaint.[11] According to the motion, the second amendment was intended to clarify that the new defendant named in the first supplemental and amended complaint is Tulane University ("Tulane"), the administrator of the healthcare plan that is the subject of this litigation.[12] The Court granted the motion on November 2, 2018.[13] On November 5, 2018, Van Bael sought leave to correct the service address listed in her second supplemental and amended

---

[5] R. Doc. No. 42-1, at 2.
[6] R. Doc. No. 9, at 2.
[7] *See* R. Doc. No. 13.
[8] *Id.* at 1.
[9] R. Doc. No. 11, at 1.
[10] *Id.*
[11] R. Doc. No. 24.
[12] *Id.* at 1. United Healthcare is the plan's claims administrator. R. Doc. No. 15, at 2.
[13] R. Doc. No. 26.

complaint as to Tulane, and the Court granted that motion as well.[14] Tulane was finally served on November 7, 2018.[15]

On November 15, 2018, Van Bael filed a motion to continue the trial date and extend the deadlines in this case. With the final discovery and motion for summary judgment deadlines less than a week away, the Court issued an order explaining that it would not at that time grant a continuance; however, it would consider Van Bael's request after United Healthcare filed its opposition.[16] One day after Van Bael filed the motion to continue, she filed a separate motion to extend discovery deadlines.[17] On November 27, 2018, United Healthcare filed its opposition memorandum in response to both motions.[18]

## II.

Van Bael contends that there is good cause for the Court to continue the trial date and extend deadlines.[19] She first argues that, because Tulane was recently

---

[14] R. Doc. No. 31, at 1; R. Doc. No. 34.
[15] See R. Doc. No. 40. On November 20, 2018, Tulane filed a motion for an extension of time to file responsive pleadings, which the Court granted in accordance with Local Rule 7.8 R. Doc. Nos. 54, 57. Tulane's responsive pleadings are currently due December 19, 2018. R. Doc. No. 57, at 1.
[16] R. Doc. No. 48, at 1.
[17] R. Doc. No. 46. It is difficult to discern whether the two motions overlap because the motion to continue does not specify exactly which dates and deadlines, other than the trial date, the Court should extend.
[18] On November 27, 2018, Court personnel spoke with counsel for both parties. Counsel for United Healthcare indicated to the Court that, although its opposition only references the motion to continue, see R. Doc. No. 55, at 1, the opposition is also intended as a response to the motion to extend discovery deadlines. Both parties therefore agreed that the opposition would pertain to both the motion to continue, R. Doc. No. 42, and the motion to extend discovery deadlines, R. Doc. No. 46.
[19] R. Doc. No. 42-1, at 1.

3

added to the case, it needs time to "catch up."[20] However, as an initial matter, Tulane has not requested a continuance of any dates or deadlines, other than the deadline by which it must file responsive pleadings.

Additionally, although Van Bael asserts that the existing time constraints are "beyond the parties' control," the Court disagrees.[21] Van Bael filed this lawsuit in July 2018. Even though she requested the earliest possible trial date, with no explanation her counsel waited almost three months to add Tulane as a defendant. In support of its opposition to a continuance or an extension of deadlines, United Healthcare submitted correspondence that Van Bael's counsel sent to Tulane in February 2018—several months before this lawsuit was filed—demonstrating that she knew then that Tulane was the plan administrator.[22] Yet Van Bael offers no reason as to why Tulane was not named in the original complaint. Her inexplicable delay does not constitute good cause for a continuance.

Van Bael also cites discovery-related reasons in support of her motions. She argues that a continuance and an extension of deadlines is necessary so that her counsel can depose her neurologist, Dr. Jose Posas ("Posas").[23] According to Van Bael, the earliest date that Posas was available for a deposition was November 16, 2018,

---

[20] R. Doc. No. 42-1, at 2.
[21] *Id.* at 1.
[22] *See* R. Doc. No. 55-1, at 1, 3.
[23] R. Doc. No. 42-1, at 2; R. Doc. No. 46-1, at 2.

4

but Van Bael's "undersigned counsel" was unavailable on that date.[24] Van Bael asserts that Posas is not available again until January 2019.[25]

In response, United Healthcare notes that discovery is not ordinarily allowed in ERISA cases; the scope of the Court's review is limited to the information in the administrative record.[26] United Healthcare argues that Van Bael could have presented information obtained from Posas during the administrative appeals process, but she did not do so.[27] It argues that Van Bael cannot now attempt to supplement the administrative record with new information.[28]

In ERISA actions challenging a denial of benefits, a district court's review "is essentially analogous to a review of an administrative agency decision"; the court must therefore "monitor discovery closely." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011). Interpreting its prior opinion, *Vega v. National Life Insurance Services, Inc.*, 188 F.3d 287 (5th Cir. 1999), *overruled on other grounds*, 554 U.S. 105 (2008), the Fifth Circuit explained:

> *Vega* prohibits the admission of evidence to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and

---

[24] R. Doc. No. 42-1, at 2. The motion states that Posas was available, at the earliest, on November 16, 2016. *Id.* However, considering the fact that this lawsuit was not filed until July 2018, the Court assumes that this is a typographical error. Furthermore, the Court notes that there is another attorney of record representing Van Bael, and neither motion explains why that attorney could not have deposed Posas on November 16, 2018.
[25] *Id.*
[26] R. Doc. No. 55, at 2.
[27] *Id.* at 3.
[28] *Id.*

procedures. . . . A plan participant is not entitled to a second chance to produce evidence demonstrating that coverage should be afforded. . . . *Vega* does not, however, prohibit the admission of evidence to resolve other questions that may be raised in an ERISA action. For example, in an ERISA action under 29 U.S.C. § 1132(a)(1)(B), a claimant may question the completeness of the administrative record; whether the plan administrator complied with ERISA's procedural regulations; and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. These issues are distinct from the question of whether coverage should have been afforded under the plan.

*Crosby*, 647 F.3d at 263; *see also Ariana M. v. Humana Health Plan of Tex., Inc.*, 884 F.3d 246, 254 (5th Cir. 2018) (noting that the existence and extent of a conflict of interest is "one of the rare areas in which a plaintiff can often expand the administrative record with discovery").

Van Bael has not provided the Court with any information to suggest that Posas's deposition falls within any of the accepted categories of admissible evidence or discovery described in *Crosby*. Moreover, Van Bael does not explain the importance of Posas's deposition. To the contrary, she admits that "[t]his case will most likely be decided on the administrative record," suggesting that there is no need for additional discovery.[29] As a result, the Court has nothing from which to conclude that Van Bael's inability to depose Posas constitutes good cause for a continuance or an extension of deadlines.

Additionally, although Van Bael indicates that United Healthcare has yet to respond to outstanding discovery requests,[30] Van Bael has not filed a motion to

---

[29] R. Doc. No. 42-1, at 2.
[30] R. Doc. No. 42, at 1.

6

compel such responses, let alone a motion to expedite the Court's consideration of the same. Indeed, the purported lack of discovery did not prevent Van Bael from filing a motion for partial summary judgment that, in addition to its exhibits, exceeds 1,700 pages.[31] This is despite her assertion that motions for summary judgment are "impossible" without a continuance.[32]

The Court concludes that there is no good cause for a continuance of the trial date, particularly as this case was scheduled to be tried as soon as possible to accommodate Van Bael's request. For the aforementioned reasons, the Court also concludes that an extension of deadlines is unwarranted. The Court will, however, reconsider its decision should Tulane submit a timely motion to continue. Tulane was not served until November 7, 2018, and it is, therefore, the party that may have a legitimate need to continue the trial date and extend deadlines.

Accordingly,

**IT IS ORDERED** that the motion to continue is **DENIED.**

**IT IS FURTHER ORDERED** that the motion to extend discovery deadlines is **DENIED.**

New Orleans, Louisiana, November 28, 2018.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[31] See R. Doc. No. 50 and its attachments.
[32] R. Doc. No. 42-1, at 2.