UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUNSHINE VAN BAEL** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6873** |
| **UNITED HEALTHCARE SERVICES, INC.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Sunshine Van Bael's ("Van Bael") motion[1] for reconsideration of the Court's order[2] denying her motion to continue the trial and extend deadlines and her motion to extend discovery deadlines.[3] For the following reasons, the motion is denied.

Van Bael waited until *after* the Court denied her motions to then explain the categories of permissible discovery in ERISA cases and to argue that Dr. Posas's ("Posas") deposition falls within one of those categories. Van Bael argues that she

---

[1] R. Doc. No. 59.
[2] R. Doc. No. 58.
[3] Van Bael makes no mention of the legal standard for motions for reconsideration. Federal Rule of Civil Procedure 54(b) provides that "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

"Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, 37 F.3d 1069 (5th Cir. 1994)). Nonetheless, "[t]he power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court . . . .'" *Id.* at 337 (quoting *Sant Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011)).

should be allowed to depose Posas about a telephone call he had with a United Healthcare doctor, Dr. Eshelman ("Eshelman"), in which Eshelman allegedly refused to allow Posas to submit references to clinical trial studies related to one of Van Bael's claims.[4]

First, Van Bael argues that Posas's deposition testimony will provide evidence that United Healthcare failed to establish and maintain a reasonable claims procedure. She cites a portion of ERISA to demonstrate that United Healthcare violated the law by refusing to permit Posas to submit the clinical trial studies. According to Van Bael, the statute requires that a claims procedure, among other things, "[p]rovide claimants the opportunity to submit written comments [and] documents."[5] However, as United Healthcare points out, the cited portion sets forth criteria for procedures related to *appeals* of adverse benefit determinations. *See* 29 U.S.C. § 2560.503–1(h)(2). The telephone call between Posas and Eshelman occurred before Van Bael filed her administrative appeal.[6] Moreover, Van Bael admits that she later submitted the clinical trial studies to United Healthcare at the administrative appeal level.[7]

Van Bael also argues that Posas's deposition testimony combined with the clinical trial studies will provide evidence that "[t]he studies and information in

---

[4] *See* R. Doc. No. 59-1, at 1–3.
[5] *Id.* at 2.
[6] *See* R. Doc. No. 50-14, at 1 (Posas's notes on the telephone call with Eshelman, which are dated October 4, 3017). According to Van Bael's memorandum in support of her motion for partial summary judgment, she filed her appeal on March 2, 2018. R. Doc. No. 50-1, at 2.
[7] R. Doc. No. 59-1, at 2.

[United Healthcare's] [pertinent] medical policy are outdated and contradictory."[8] Again, Van Bael contends that she submitted the clinical trial studies on appeal.[9] As to the deposition testimony, she states that such evidence will further support her argument that United Healthcare failed to establish and maintain a reasonable claims procedure because they denied one of her claims based on this "outdated" and "contradictory" policy.[10] However, "[a] plan participant is not entitled to a second chance to produce evidence demonstrating that coverage should be afforded." *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011). The Fifth Circuit "prohibits the admission of evidence to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record." *Id.*

Instead of explaining to the Court how her request falls within the ambit of *Crosby*'s categories of permitted discovery, Van Bael simply quoted *Crosby* and bolded a portion of the quote.[11] The bolded text is a list of categories for which discovery may be allowed in an ERISA case. The only category that might possibly encompass Van Bael's request to depose Posas so that he can testify as to the "outdated" and "contradictory" nature of one of United Healthcare's policies is the category of discovery for the purposes of questioning "whether the *plan* administrator complied

---

[8] *Id.*
[9] *Id.*
[10] *Id.* at 3.
[11] *See id.*

3

with ERISA's procedural regulations." *Crosby*, 647 F.3d at 263 (emphasis added). But United Healthcare is the claims administrator, not the plan administrator.

Finally, Van Bael argues that the deposition testimony will serve as evidence that Tulane has a conflict of interest because United Healthcare "flat out refused to permit Dr. Posas to submit scientific evidence supporting a recommended procedure."[12] Van Bael does not explain what testimony Posas might plausibly give that would demonstrate that Tulane has such a conflict of interest. Van Bael contends that the conflict stems from United Healthcare's refusal to allow Posas to provide Eshelman with the clinical trial studies; however, Van Bael does not need Posas's testimony to establish that fact. The Court will not allow Van Bael to depose Posas as part of a fishing expedition.

Moreover, in its order denying Van Bael's motions for a continuance and an extension of deadlines, the Court rejected Van Bael's argument that she needs additional time to depose Posas. Van Bael asserted that, although Posas was available for a deposition on November 16, 2018, her counsel was unavailable. However, the Court noted that Van Bael has two attorneys listed as her counsel of record. Van Bael has yet to explain why the other listed attorney was unable to depose Posas on November 16th, especially when Van Bael's counsel knew that the deadline for completing discovery and filing motions for summary judgment was November 19th. The Court reiterates the fact that Van Bael has failed to demonstrate good cause for a continuance or an extension of deadlines.

---

[12] *Id.*

Van Bael also asserts that the United States Magistrate Judge ordered United Healthcare to respond to certain discovery requests and that those requests are still outstanding.[13] This is the first time that Van Bael has brought the Magistrate Judge's order to this Court's attention. Furthermore, Van Bael is incorrect: the Magistrate Judge has not yet issued any such order, and it appears that the parties are awaiting an order from the Magistrate Judge.[14] Nevertheless, until the Court has before it a motion to supplement the record based on outstanding discovery responses, which responses may or may not be relevant to the pending motions for summary judgment or trial, the Court declines to reconsider its decision denying Van Bael's motions.

Van Bael will, however, be granted three working days from the date of her receipt of the outstanding discovery responses that United Healthcare is ordered to produce, to supplement in the record her pending motion for partial summary judgment and her response to United Healthcare's motion for summary judgment.

Accordingly,

**IT IS ORDERED** that the motion for reconsideration is **DENIED.**

**IT IS FURTHER ORDERED** that Van Bael shall, if necessary, file into the record a supplement to her motion for partial summary judgment and/or her response to United Healthcare's motion for summary judgment within three working days of

---

[13] *Id.* at 4.
[14] *See* R. Doc. No. 39, at 1 (the Magistrate Judge's November 7, 2018 minute entry, which notes that counsel argued United Healthcare's motion for a protective order limiting discovery and that "[t]he Court shall issue an order").

the date she receives the discovery responses that the Magistrate Judge orders United Healthcare to produce.

New Orleans, Louisiana, December 5, 2018.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**