# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SUNSHINE VAN BAEL** | **CIVIL ACTION** |
| **VERSUS** | **No. 18-6873** |
| **UNITED HEALTHCARE SERVICES, INC.** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Sunshine Van Bael's ("Van Bael") motion[1] for penalties against defendant Tulane University ("Tulane"). For the following reasons, the motion is denied.

## I.

This action arises out of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. Van Bael is an assistant professor at Tulane.[2] As a Tulane employee, she is insured by an employee welfare benefit healthcare plan (the "Plan") sponsored and administered by Tulane.[3] Defendant United Healthcare Services, Inc. ("United Healthcare") is the Plan's claims administrator; it "handle[s] the day-to-day administration of the Plan's coverage as directed by [Tulane]."[4]

On February 1, 2018, frustrated by what she describes as United Healthcare's decision to ignore her requests for information, Van Bael sent a letter to Tulane.[5] The

---

[1] R. Doc. No. 98.
[2] R. Doc. No. 1, at 2; *see also* R. Doc. No. 50-2, at 1.
[3] R. Doc. No. 51-1, at 2; R. Doc. No. 50-1, at 2.
[4] R. Doc. No. 50-8, at 161 (United 00161).
[5] R. Doc. No. 98-1, at 3; R. Doc. No. 50-11, at 107 (United 00707). Strangely, this letter only appears in the administrative record, at least as it has been presented to the

letter specifically referenced two claim numbers and requested "a certified copy of any and all documents, records, health benefit plan provisions, internal rules, guidelines and protocols, and any other relevant information pertaining to Ms. Van Bael's policy that corresponds with the . . . claims."[6] The letter specifically listed ten items, one of which was "[a] certified copy of Sunshine Van Bael's UnitedHealthcare's health insurance policy."[7]

According to Van Bael, her request was not fulfilled until September 18, 2018, when United Healthcare sent her attorney the administrative record as part of discovery in this case.[8] Van Bael contends that the document in the administrative record titled "UnitedHealthcare Choice Plus UnitedHealthcare Insurance Company Certificate of Coverage for the Health Reimbursement Account (HRA) Plan 7NE of Tulane University" constitutes the "health insurance policy" she requested in her February 2018 letter.[9] Van Bael asserts that, at the time she made the request, she did not know that the Plan was self-funded because the plan documents she had been provided by United Healthcare did not indicate as much.[10] She argues that this misunderstanding accounts for why she referred to the Tulane Plan as a United Healthcare insurance policy but that the discrepancy is unimportant: "Regardless of

---

Court, in the form of an attachment to Van Bael's appeal. However, Tulane has not disputed the existence or its receipt of the letter.
[6] R. Doc. No. 50-11, at 107 (United 00707).
[7] *Id.* at 109 (United 00709).
[8] R. Doc. No. 98-1, at 5.
[9] *Id.*; R. Doc. No. 50-8, at 183 (United 00183).
[10] R. Doc. No. 98-1, at 7.

the term used, Tulane failed to produce the Plan document" in accordance with ERISA.[11]

Van Bael also argues that she is entitled to penalties of up to $110 per day for Tulane's failure to produce the Plan document.[12] Because she sent the request on February 1, 2018, and the request was allegedly not complied with until September 18, 2018, Van Bael requests $23,000 in penalties.[13]

## II.

ERISA provides that

> [a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary . . . by mailing the material requested to the last known address of the requesting participant or beneficiary within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $1[1]0 a day from the date of such failure or refusal.[14]

29 U.S.C. § 1132(c)(1)(B). The Fifth Circuit construes ERISA's penalty provision strictly. *Fisher v. Metro. Life Ins. Co.*, 895 F.2d 1073, 1077 (5th Cir. 1990). The

---

[11] *See id.*
[12] *Id.* at 9.
[13] *Id.* "Tulane had 30 days to produce this document. . . . United [Healthcare] produced the document 230 days following Van Bael's request. . . . [U]nder the penalty statute and pursuant to the Court's discretion, Van Bael is entitled to up to $110 per day, or up to $23,000.00 in statutory penalties." *Id.* The Court notes, however, that 230 days multiplied by $110 per day equals $25,300. Furthermore, assuming *arguendo* that Tulane is subject to penalties, Van Bael would not be entitled to penalties until March 3, 2018 because the relevant ERISA provision provides for a 30-day grace period. *Daniels v. Thomas & Betts Corp.*, 263 F.3d 66, 80 (5th Cir. 2001).
[14] Recently, the Department of Labor increased the relevant 2018 ERISA penalties to $110 per day. Department of Labor Federal Civil Penalties Inflation Adjustment Act: Annual Adjustments for 2018, 81 Fed. Reg. 43,430 (Jan. 2. 2018).

3

decision to grant or deny a request for penalties is within the Court's discretion. *See Abraham v. Exxon Corp.*, 85 F.3d 1126, 1132 (5th Cir. 1996). Van Bael argues that Tulane's failure to respond to her February 2018 request for the Plan document warrants penalties.[15]

According to Tulane, however, the only ERISA provision that requires a plan administrator to furnish information is 29 U.S.C. § 1024(b)(4), which states in relevant part:

> The administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary[ ] plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.[16]

Tulane argues that a health insurance policy was never issued to Van Bael by United Healthcare.[17] It contends that, although Van Bael's letter included a request for a copy of "UnitedHealthcare's health insurance policy," it did not request any of the documents covered by § 1024(b)(4) and that, as a result, Tulane is not subject to ERISA penalties.[18]

---

[15] R. Doc. No. 98-1, at 9.
[16] ERISA defines the administrator as "the person specifically so designated by the terms of the instrument under which the plan is operated." 29 U.S.C. § 1002(16)(A). According to the summary plan description, the "Plan Administrator" is "Tulane University or its designee." R. Doc. No. 50-8, at 129 (United 00129).
[17] R. Doc. No. 105, at 4.
[18] *Id.* Tulane also argues that the request reveals that Van Bael was *actually* seeking documents related to the denial of her claims and that it was not until Tulane's counsel indicated in a telephone conference with the Court that Van Bael could not recover penalties for such a request did Van Bael recharacterize her request as one for the Plan document under § 1024(b)(4). *Id.* at 2–3. This argument, in and of itself, is unconvincing. "[N]othing in § 1024(b)(4) suggests an exception [to the disclosure requirement] where covered documents are requested in connection with the review

4

Although the civil penalties provision clearly states that it only applies to requests for information that administrators are *required* to furnish under ERISA, Van Bael never explains which ERISA provision entitles her to the document that she requested. Nevertheless, a plain reading of § 1024(b)(4) reveals that Van Bael is entitled to the Plan document because it is an "instrument[ ] under which the plan is established or operated." *See Murphy v. Verizon Commc'ns, Inc.*, 587 F. App'x 140, 144 (5th Cir. 2014) ("We agree with the majority of the circuits which have construed Section 1024(b)(4)'s catch-all provision narrowly so as to apply only to formal legal documents that govern a plan").

Tulane does not dispute that a request was sent or that it failed to respond to the request.[19] Rather, the Court must determine whether Van Bael's February 2018 letter constitutes a sufficient request for the Plan document such that the request "provide[d] clear notice to the plan administrator of the information [she] desire[d]." *Kollman v. Hewitt Assocs., LLC*, 487 F.3d 139, 145 (3d Cir. 2007); *see also Fisher*, 895 F.2d at 1077 (holding that nothing in the plaintiff's request for a copy of the contract

---

of a claim for benefits." *Grant v. Eaton Disability Long-Term Disability Plan*, No. 10-164, 2013 WL 485868, at *6 (S.D. Miss. Feb 6, 2013).

[19] Tulane does note, however, that United Healthcare received the same request approximately one month earlier and responded. R. Doc. No. 105, at 6. In fact, Tulane cites a case from this Court to argue that a defendant should not be subjected to penalties for failing to provide documents that were previously produced in response to an earlier request. *Id.* at 6–7 (citing *Currier v. Entergy Corp. Emp. Benefits Comm.*, No. 16-2793, 2016 WL 6024531, at *6 (E.D. La. Oct. 14, 2016) (Africk, J.)). Under Van Bael's interpretation of her requests to Tulane and United Healthcare, she was entitled to not just a copy of the summary plan description, a part of which United Healthcare produced in response to Van Bael's letters, but to a copy of the actual Plan document.

covering his salary continuation "indicates that [the defendant] knew or should have known that [he] had requested a copy of any document relating to [the] Plan"); *Anderson v. Flexel, Inc.*, 47 F.3d 243, 248 (7th Cir. 1995) ("A request for documents under § 1024(b)(4) necessitates a response from the plan administrator when it gives the administrator clear notice of what information the beneficiary desires."); *Center for Restorative Breast Surgery, L.L.C. v. Humana Health Benefit Plan of La.*, No. 10-4346, 2015 WL 4394034, at *17 (E.D. La. July 15, 2015) (Fallon, J.) ("[T]he touchstone is whether the request provides the necessary clear notice to a reasonable plan administrator which, given the context of the request, should be provided.") (quoting *Kollman*, 487 F.3d at 146).

The Court is not persuaded that Van Bael's letter and her request for a copy of "Van Bael's UnitedHealthcare health insurance policy" provided Tulane with sufficiently clear notice of the document she sought. Van Bael did not have to request the Plan document using its precise name. *See Anderson*, 47 F.3d at 250 (explaining that an administrator cannot use "technical considerations as an excuse for its failure to respond"). But Van Bael's request was not sufficiently clear, and the Court will not penalize Tulane for failing to produce the Plan document in response.[20]

---

[20] Even if the Court were to conclude that Tulane had clear notice that Van Bael's letter was a request for the Plan document, the Court would be hesitant to award penalties. The Fifth Circuit has admittedly "offered district court limited guidance" on the issue of whether to award a civil penalty under § 1132(c). *Hager v. DBG Partners, Inc.*, 903 F.3d 460, 470 (5th Cir. 2018). However, it has suggested that prejudice may be considered. *Id.* The Fifth Circuit has also noted other possible considerations, which would include any intentional conduct on the part of the administrator, the length of the delay, and the fact that the penalty is meant to be punitive in nature and more for the purpose of punishing the administrator than

6

Interestingly, before Van Bael sent the February 2018 letter to Tulane, United Healthcare responded to a similar letter, which also included a request for "a certified copy of Sunshine Van Bael's UnitedHealthcare's health insurance policy."[21] United Healthcare produced several documents in response to Van Bael's request, but those documents did not include the Plan document, suggesting that United Healthcare did not interpret Van Bael's request to demand production of such document.[22] United Healthcare sent Van Bael a portion of the summary plan description in response to her request. Notwithstanding, Van Bael's present motion makes clear that she was specifically requesting the Plan—not the summary plan description.[23] Her request should have been equally as clear and, as a result, the Court declines to subject Tulane to penalties.

---

compensating the beneficiary. *Id.* at 470–71. Van Bael has not alleged any bad faith on Tulane's part. Nor has she suggested that she was prejudiced by Tulane's purported failure. Indeed, she was able to timely appeal her claims with extensive reference to the Plan and its accompanying policies. *See* R. Doc. No. 50-10, at 78–110 (United 00526–58).

[21] R. Doc. No. 50-9, at 131–33 (United 00431–33).

[22] *See id.* at 88 (United 00388). In an order denying Van Bael and United Healthcare's motions for summary judgment, the Court noted that United Healthcare's response to Van Bael's request for documents was incomplete and partly non-responsive based on ERISA regulations regarding claims procedures. However, the Court's conclusion was not based on United Healthcare's failure to produce the Plan document.

[23] *See* R. Doc. No. 98-1, at 4, 5.

## IV.

**IT IS ORDERED** that the motion for penalties is **DENIED.**

New Orleans, Louisiana, January 10, 2019

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**